IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
AUG 1 2 2008
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 08-47   Erie |
| | ) | |
| RASHAD LEE WILLIAMS | ) | **(Under Seal)** |
| SHAWN T. HOWARD | ) | |
| a/k/a "Roscoe" | ) | |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a two-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to possess with intent to distribute and distribution of five (5) grams or more of cocaine base, a Schedule II controlled substance<br><br>Between on or about February 20, 2007 and on or about February 22, 2007 | 21 U.S.C. §846 | Williams<br>Howard |

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 2 | Possession with intent to distribute and distribution of five (5) grams or more of cocaine base, a Schedule II controlled substance On or about February 20, 2007 | 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(iii) 18 U.S.C. §2 | Williams Howard |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of conspiracy to possess with intent to distribute and distribution of five (5) grams or more of cocaine base, in violation of 21 U.S.C. §846 to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons came to a mutual understanding or agreement to try to accomplish a common and unlawful plan to distribute and/or possess with intent to distribute the controlled substance charged in the indictment.

> United States v. Boyd, 595 F.2d 120 (3d Cir. 1978); United States v. Garcia, 655 F.2d 59, 62 (5th Cir. 1981); United States v. Allen, 613 F.2d 1248, 1253 (3d Cir. 1980).

2. That the defendant knowingly and willfully became a member of such conspiracy.

> United States v. Adams, 759 F.2d 1099, 1114 (3d Cir.), cert. denied, 474 U.S. 906 (1985); United States

> v. Bodolato, 701 F.2d 915, 921-22
> (11th Cir. 1983).

3. That cocaine base is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

4. That the conspiracy had the specific unlawful purpose of distributing and/or possessing with intent to distribute five (5) grams or more of cocaine base, 21 U.S.C. §(b)(1)(B)(iii).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

**B. As to Count 2:**

In order for the crime of possession with intent to distribute and distribution of five (5) grams or more of cocaine base, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(iii) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant distributed or possessed with intent to distribute the controlled substance charged in the indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

      3. That cocaine base is a Schedule II controlled substance, pursuant to 21 U.S.C. §812(c), Schedule II(a)(4).

      4. That the mixture or substance containing a detectable amount of cocaine base was five (5) grams or more. 21 U.S.C. §841(b)(1)(B)(iii).

> Apprendi v. New Jersey, 530 U.S. 466 (2000).

### III. PENALTIES

**A. As to Count 1: Conspiracy to possess with intent to distribute and distribution of five (5) grams or more of cocaine base (21 U.S.C. §846):**

      1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

      2. A fine not to exceed $2,000,000.

      3. A term of supervised release of at least four (4) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

      1. A term of imprisonment of not less than ten (10) years to a maximum of life.

      2. A fine not to exceed $4,000,000.

      3. A term of supervised release of at least eight (8) years.

  B. As to Count 2:  Possession with intent to distribute and distribution of five (5) grams or more of cocaine base (21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(iii)):

   1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

   2. A fine not to exceed $2,000,000.

   3. A term of supervised release of at least four (4) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

   1. A term of imprisonment of not less than ten (10) years to a maximum of life.

   2. A fine not to exceed $4,000,000.

   3. A term of supervised release of at least eight (8) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendants are convicted, pursuant to 18 U.S.C. §3013.

### V. RESTITUTION

Not applicable in this case.

        Respectfully submitted,

        MARY BETH BUCHANAN
        United States Attorney

        MARSHALL J. PICCININI
        Assistant U.S. Attorney
        PA ID No. 56362